UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBBY LEE RUSSELL** | ) CIVIL ACTION NO. |
| | ) |
| **VERSUS** | ) SECTION : |
| | ) |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.** | ) MAGISTRATE: |
| | ) |

## COMPLAINT

The complaint of PETITIONER, Robby Lee Russell (hereinafter sometimes referred to as "Plaintiff"), a full age resident of the Parish of Plaquemines, State of Louisiana, respectfully represents the following, to wit:

1.

Made defendants herein is:

(A) Transocean Offshore Deepwater Drilling, Inc., is a foreign corporation organized according to the laws of the State of Louisiana, but authorized to dos and doing business in Louisiana at all pertinent times.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), and the provisions of the general maritime law. Specifically, Plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916 , allowing him to proceed without the necessity of prepayment of costs, fees or the posting of security , and Rule 9 (h) of the Federal Rules of Civil Procedure.

3.

The defendant, Transocean Offshore Deepwater Drilling, Inc. is justly and truly indebted unto your plaintiff, Robby Lee Russell, severally, and/or *in solildo*, and, for the following reasons, to-wit:

4.

At all material times, Plaintiff, Robby Lee Russell was employed by Transocean Offshore Deepwater Drilling, Inc. as an AB seaman, permanently assigned to a vessel in navigation, and was a Jones Act.

5.

Plaintiff was permanently assigned by defendant, Transocean Offshore Deepwater Drilling, Inc., to work aboard the vessel Deepwater Nautilus, owned by defendant Transocean Offshore Deepwater Drilling, Inc.

6.

On or about, April 10, 2012, plaintiff was assigned to assist in a quarterly inspection of the lifeboats aboard the *Deepwater Nautilus*. Plaintiff was instructed to accompany the said lifeboats along with a crew of four(40 other men on a test voyage around the Deepwater Nautilus. At all times pertinent hereto, the aforesaid lifeboat was being operated by another crewmember of the *Deepwater Nautilus*, Mr. Dwight Pearson. On information and belief, Dwight Pearson was also an employee of defendant, Transocean Offshore Deepwater Drilling, Inc.

7.

Plaintiff was assigned to assist in returning the lifeboat to its normal position when, suddenly and without warning, the life boat accelerated rapidly into the side of the *Deepwater Nautilus.* Plaintiff's right leg was crushed between the lifeboat and the *Deepwater Nautilus*.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, Transocean Offshore Deepwater Drilling, Inc., its agents, employees and/or assigns.

9.

The casualties occurred as a direct and proximate result of the negligence of defendants in a failing to provide adequate equipment and/or personnel, ordering plaintiff to work under unsafe conditions, and /or failing to train and/or warn complainant about unsafe conditions and/or operations aboard the *Deepwater Nautilus*; as well as other acts of negligence which will also be proven at trial. These acts of negligence render defendants liable to plaintiff pursuant to the Jones Act, 46 U.S. C. 30104, and also pursuant to the general maritime law for negligence and/or unseaworthiness.

10.

Plaintiff's accident was caused by defendant's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff further demands that defendant, Transocean Offshore Deepwater Drilling, Inc., provide him with maintenance and cure benefits until such time as he reaches "maximum

medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of $80.00 per day from the date of his injury.

12.

In addition, the defendant, Transocean Offshore Deepwater Drilling, Inc., has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits.  The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause.  As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition.  As a result thereof, the defendant is liable until the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009).

13.

The above-described incidents were caused solely by the negligence of defendant, Transocean Offshore Deepwater Drilling, Inc., through its agents, servants and employees, and/or the unseaworthiness of the vessel *Deepwater Nautilus;* more particularly described as follows:

NEGLIGENCE OF TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.

    a) Failing to properly supervise its employees.

    b) Failing to warn about the dangers aboard the *Deepwater Nautilus*, its appliances, appurtenance.;

    c) Failing to properly train and/or supervise crewmen aboard the *Deepwater Nautilus*.

    d) Failing to plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions.

    e) Failing to adequately equip the *Deepwater Nautilus* vessel with prop0er equipment required to perform certain operations;

    f) Other acts of negligence, and /or conditions of unseaworthiness as may be shown at trial.

14.

In the further alternative, plaintiff, Robby Lee Russell, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the defendant, Transocean Offshore Deepwater Drilling, Inc., its agents, servants, and employees are liable to him for the negligence of defendants Transocean Offshore Deepwater Drilling, Inc., its agents, servants and employees, under the doctrine of *respondiat superior*.

15.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Robby Lee Russell, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Past lost found;

    f. Loss of future earning capacity;

    g. Loss of future found;

    h. Loss of fringe benefits;

    i. Disfigurement and disability;

j.  Loss of enjoyment of life; and,

k.  Other damages which shall be proven at trial.

16.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss.  As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

17.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Robby Lee Russell, prays that the defendants, Transocean Offshore Deepwater Drilling, Inc. be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against Transocean Offshore Deepwater Drilling, Inc., in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*/s/Ronna M. Steele*
**RONNA M. STEELE (#20006)**
301 Huey P. Long Avenue
Gretna, LA  70053
Telephone:  (504) 366-3475
Attorney for Robby Le Russell
Email: *rsteele@usagulf.com*

PLEASE SERVE:

Transocean Offshore Deepwater Drilling, Inc.
Through its authorized agent for service of process
Capitol Corporate Services, Inc.
8550 United Services Blvd.
Suite 305
Baton Rouge, La 70809